SWARTWOUT *v.* TOWNSHIP OF CALEDONIA.

1. DEDICATION—ACCEPTANCE—HIGHWAYS AND STREETS.
   That a few persons, at times, wandered or traveled over a subdivision or camped thereon had no tendency to show acceptance by public authorities of an offer to dedicate streets and parks.

2. SAME—PARTIAL ACCEPTANCE.
   The making of a highway on a section line, which was one of the streets of the subdivision, if it constituted an

¹Dedication, 18 C. J. § 81; ²Id., 18 C. J. §§ 90, 91; 22 L. R. A. (N. S.) 1114; 8 R. C. L. 901; 2 R. C. L. Supp. 681.

acceptance of an offer to dedicate, was an acceptance only of that part so taken and used in said highway.

3. SAME—SALE OF LOT NOT EVIDENCE OF ACCEPTANCE.
   The sale of a lot on a street in a proposed subdivision had no tendency to prove acceptance by the public authorities of an offer of dedication.

4. SAME—ACCEPTANCE—REVOCATION OF OFFER.
   Acceptance by public authorities of an offer to dedicate streets and parks more than 16 years thereafter, and after conveyances showing an intent to revoke such offer, came too late.

Appeal from Alcona; Widdis (Albert), J.   Submitted June 22, 1927.   (Docket No. 84.)   Decided October 3, 1927.

Bill by Myron H. Swartwout and another against the township of Caledonia and others to enjoin a trespass upon land.   From a decree dismissing the bill, plaintiffs appeal.   Reversed, and decree entered for plaintiffs.

*Herman Dehnke*, for plaintiffs.

*John H. Killmaster*, for defendants.

CLARK, J.   In 1909 Mrs. S. E. Gerow, the owner, caused a plat to be made of a parcel of land on the west shore of Hubbard lake under the name of Oak Grove subdivision, in section 9, Caledonia township, Alcona county.   The western boundary of the parcel is the section line.   The plat was approved by the township board on January 20, 1910, and by the auditor general on February 21, 1910, and it was duly recorded.   The plat shows several parks and streets. It has five east and west streets extending from Fourth street, the section line highway, to the lake.   One of such streets, Maple street, bisects the parcel near its

³Dedication, 18 C. J. §§ 73 (Anno), 80; ⁴Id., 18 C. J. § 70.

center and this suit has to do with "all the land south of the center of Maple street." From the time of platting to March, 1926, more than 16 years, the public authorities did nothing toward acceptance of the offer to dedicate the streets and parks. It is true that the section line highway, including a part or all of what was called Fourth street, was improved, but this improvement was neither made nor intended as acceptance of the plat.

In the meantime and on June 24, 1916, Mrs. Gerow conveyed to Angell and wife by warranty deed all the blocks and "the public parks" lying south of Maple street. Mr. Angell immediately fenced in all of that part of the subdivision south of the center of Maple street, and the property ever since has been so inclosed. He also planted a large number of trees without regard to the lines of streets. He built a dwelling covering a street intersection and a part of a park. Later he entered into a contract with plaintiffs to convey to them "all land south of the center of Maple street," and plaintiffs now own and occupy such premises under the contract.

In July, 1912, Mrs. Gerow deeded a lot north of Maple street which now has a cottage on it, and it seems there are a few other cottages in the subdivision north of said street. In March, 1926, the township board by resolution directed the highway commissioner to open the streets of the subdivision and to remove encroachments and obstructions therefrom. Plaintiffs filed this bill to restrain interference by the township and its officers and agents. The bill was dismissed. Plaintiffs have appealed.

That a few persons, at times, wandered or traveled over this subdivision or camped thereon, as upon other so-called "plains land," has no tendency to show acceptance by the public authorities of the offer to dedicate. If it were conceded that the making of the

section line highway was in any sense an acceptance of the offer to dedicate, the acceptance was partial and went no further than that part of Fourth street taken in the public highway.  *County of Wayne* v. *Miller,* 31 Mich. 447.

Relative to the sale of the lot in 1912, we quote syllabus from *Baker* v. *Johnston,* 21 Mich. 319:

"Sales of lots, bounded upon streets surrounding a space marked on a plat as a public square, have no tendency to prove an acceptance by the public, or an estoppel in favor of the public."

With respect to the land in question, the evidence, beginning with the deed to Angell and wife, and continuing, shows a purpose to revoke the offer to dedicate, and a holding and occupation, open and apparent, by plaintiff and his immediate predecessors, against such dedication.

The main question before us with regard to the land in question is whether the attempted acceptance by the public authorities of the offer to dedicate came too late. We quote from *County of Wayne* v. *Miller, supra* (opinion by Mr. Justice COOLEY):

"After what length of time such an offer must be regarded as withdrawn, circumstances may perhaps determine, but unless there were facts equivalent to a continuous renewal of the offer, it cannot be considered open after the lapse of a period of time sufficient to bar all actions for the recovery of lands under the statute of limitations.  After such a lapse of time, the dedication to public uses must be regarded as confined to the bounds within which the action of the public with the presumed acquiescence of the donor has practically limited it."

Reversed.  Decree will be entered for plaintiffs, with costs of both courts.

SHARPE, C. J., and BIRD, SNOW, STEERE, FELLOWS, WIEST, and MCDONALD, JJ., concurred.