*In re* PETITION OF HOME OWNERS' LOAN CORPORATION.

MUNICIPAL CORPORATIONS—VACATION OF STREETS—DEDICATION—TRYING TITLE.

> Since issue as to objector's title in property in plat which had been dedicated for use by public as a street and which abutted lots mortgaged to petitioner in proceedings to vacate land which was conveyed to objector shortly before expiration of period of redemption under petitioner's mortgage on abutting lots was not triable in proceedings to vacate portion of street including property claimed by objector, petition to vacate was properly dismissed since, if dedication was accepted, title, if any, in objector could not be tried out therein, and if dedication was not accepted there is no street to be vacated and petitioner's rights against objector should be determined in ejectment (3 Comp. Laws 1929, § 13256 *et seq.*).

Appeal from Monroe; Golden (Clayton C.), J. Submitted January 21, 1941. (Docket No. 122, Calendar No. 41,395.) Decided March 11, 1941.

In the matter of the petition of Home Owners' Loan Corporation, a corporate instrumentality of the United States, for the vacation of a portion of a street. Motion to dismiss by Elise Kowol for want of notice. From order dismissing petition, petitioner appeals. Affirmed.

*F. W. Armstrong, John F. Langs,* and *R. F. Molyneaux* (*William J. Dansby,* of counsel), for petitioner.

*Carl O. Kowol,* for objector.

WIEST, J. This is a proceeding under the provisions of 3 Comp. Laws 1929, § 13256 *et seq.** by the

---

* As amended by Act No. 38, Pub. Acts 1935; Act No. 33, Pub. Acts 1937; and Act No. 302, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 13256 *et seq.,* Stat. Ann. and Stat. Ann. 1940 Cum. Supp. § 26.489 *et seq.*).—REPORTER.

home owners' loan corporation, owner of lots 4, 5, and 6 of block 16 of Matthews and Hickoks addition to the village of Carleton, to vacate that part of South street, upon which such lots abut, on the ground that such part of the street was not accepted by the village and has never been worked or improved for upward of 40 years and has served no purpose as a street.

The plat recorded in 1874 provided:

"And that all streets and alleys thereon described are dedicated to the public to be used as public highways and for no other purpose whatsoever."

Petitioner acquired title to the lots under foreclosure of a mortgage executed May 16, 1934, by Charles A. Vandervoort and wife, the then owners. July 18, 1936, the Vandervoorts, by warranty deed, conveyed the lots to Earl R. Nearhood and wife. A few days before the right of the Nearhoods to redeem from the mortgage foreclosure expired, they conveyed to Elise F. Kowol that part of the platted street in front of the mortgaged lots and upon which a dwelling house, built many years ago, stood. That deed was of record when the petition herein was filed. Notice of the petition was not given to Elise Kowol and she, by special appearance, moved to dismiss the petition for want of notice.

The village of Carleton has no objection to vacation of the street. The evident purpose of the vacation, if ordered, is to attach the property in the street, including the house thereon, to the abutting lots owned by petitioner.

Petitioner, evidently after foreclosure, found that the house, which for many years had been used by the mortgagor, was situated in South street.

Upon hearing, petitioner contended that Mrs. Kowol was not an owner within the meaning of the statute and that the deed to her conveyed no interest because the record title to the street was, by dedication, in the public.

Counsel for petitioner cites 3 Comp. Laws 1929, § 13257 (Stat. Ann. § 26.490), as authority that only those persons interested as owners are affected by vacation proceedings and that Mrs. Kowol, under her deed, does not have any interest and it was not necessary to consider her rights, if any, in filing the petition.

The court held that in a petition to vacate the street the issue of ownership or title in Mrs. Kowol could not be considered and adjudicated, and dismissed the petition.

Petitioner appeals, and, as before stated, insists that Mrs. Kowol could not acquire any interest in the street and the burden was upon her, if she claimed title thereto, to show the facts essential to such right.

If the dedicated street never became one by acceptance or user, then the land therein attached to the abutting lots owned by petitioner and there is no street to be vacated and petitioner's rights as against Mrs. Kowol should be determined in an action of ejectment. *Loud* v. *Brooks,* 241 Mich. 452. If the dedicated street became one by acceptance or user and vacation thereof is necessary and involves the right of ownership asserted by Mrs. Kowol, then the court was not in error in holding that such title could not be tried out in this proceeding.

The order dismissing the proceeding is affirmed, with costs to Mrs. Kowol.

SHARPE, C. J., and CHANDLER and BUTZEL, JJ., concurred with WIEST, J.

NORTH, J. (*concurring*). I concur in affirmance; but express no opinion as to plaintiff having a proper or adequate remedy by an action in ejectment.

BUSHNELL and BOYLES, JJ., concurred with NORTH, J. McALLISTER, J., did not sit.