*In re* PETITION OF BRYANT.

1. APPEAL AND ERROR—LEAVE TO APPEAL—CERTIORARI—PROCEEDINGS TO VACATE PLAT.

Notwithstanding certiorari is the proper remedy to review the decision of a lower court in statutory proceedings to vacate and revise two plats, where case has been submitted by both parties without raising a question as to propriety of procedure followed, case is considered as though plaintiffs had sought, and obtained, leave to appeal in nature of certiorari.

2. DEDICATION—STREETS IN A PLAT—ADVERSE POSSESSION—EVIDENCE OF PUBLIC USE—INCORPORATION INTO COUNTY ROAD SYSTEM.

Where two plats of contiguous land were dedicated by the same owners in 1921 and 1926, there is no showing that either the owners withdrew dedication of streets made in them or that

---

REFERENCES FOR POINTS IN HEADNOTES

[2, 5, 6] 16 Am. Jur., Dedication, §§ 34–37, 51–54.
[2, 4–6] Attempted dedication as affecting right to assert after-acquired title. 62 A.L.R. 480.
[2, 4, 6] Dedication: Time for acceptance. 66 A.L.R. 321.
[3] 16 Am. Jur., Dedication, §§ 31, 51.
[4–6] 16 Am. Jur., Dedication, §§ 39–41.
[6] 1 Am. Jur., Adverse Possession, § 106.
[10] 14 Am. Jur., Costs, §§ 23, 91.

the owners or their successors, the plaintiffs, made any use of the streets inconsistent with the exercise of public rights therein, and it does appear that streets of later plat connect with the earlier one, there was some public user of the streets, and an insufficient time elapsed to interpose claim of adverse possession after dedication of second tract before all streets were incorporated into county road system by statute, there was a continuous offer of dedication in the municipality where situated and an acceptance (1 Comp. Laws 1915, § 3350, as amended by Act No. 360, Pub. Acts 1925; § 3351; 3 Comp. Laws 1929, § 13964; Act No. 130, Pub. Acts 1931, as amended by Act No. 132, Pub. Acts 1935).

3. SAME—PUBLIC USE—ACCEPTANCE—CONSTRUCTION OF STATUTES— BASE FEE.

If statutory language relative to title conveyed by the dedication of land for public purposes be construed as contemplating a base fee, an acceptance is requisite (1 Comp. Laws 1915, § 3351).

4. SAME—ACCEPTANCE—CONTINUING OFFER.

While an acceptance of a dedication of streets in a plat must be made within a reasonable time, what shall be considered such a time must be largely governed by the surrounding circumstances and so long as the original proprietor or those claiming through him take no steps to withdraw the offer, it is considered as continuing.

5. SAME—IMPLIED RENEWAL—ACCEPTANCE.

Plattors of first plat who platted adjoining land five years later and connected streets in later plat with streets of former plat impliedly renewed the earlier dedication where there was no withdrawal of it in the interim and nothing done to preclude public acceptance of it (1 Comp. Laws 1915, § 3350, as amended by Act No. 360, Pub. Acts 1925; § 3351).

6. SAME—ACCEPTANCE OF STREETS BY INCORPORATION INTO COUNTY ROAD SYSTEM.

Rule that adverse possession of land dedicated for use as public street for a period of time sufficient to bar all actions for recovery of lands under statute of limitations does not apply where dedication of streets in township plat was accepted by incorporation into county road system prior to expiration of such period of time after renewal of dedication of land for such use had been made (1 Comp. Laws 1915, §. 3350, as amended by Act No. 360, Pub. Acts 1925; § 3351; Act No. 130, Pub. Acts 1931, as amended by Act No. 132, Pub. Acts 1935).

7. MUNICIPAL CORPORATIONS—VACATION OF STREETS—STATE OR COUNTY ROADS.

In a proceeding under the plat act to vacate and revise a plat, the court may not vacate any part of a State or county road either as such roads were known at time plat act was adopted or as systems subsequently enlarged (3 Comp. Laws 1929, § 13263).

8. HIGHWAYS AND STREETS—PLATS—VACATION—STATUTES—COURTS.

Statutory requirement that notice of hearing on petition to vacate, alter, correct or revise a plat that contains a street, highway or alley, under the jurisdiction of the board of county road commissioners was designed to enable the board to raise the question as to the restriction on the power of the court to vacate a State or county road in such proceeding (3 Comp. Laws 1929, § 13258, as amended by Act No. 3, Pub. Acts 1943; § 13263).

9. MUNICIPAL CORPORATIONS—VACATION OF PLAT—CONSTRUCTION OF STATUTES—ARBITRARY POWER—LOCAL CONTROL.

Contention that section of plat act relative to vacation of plats makes it mandatory upon court to vacate such plat if the petition is signed by two thirds of the proprietors who also own two thirds of the area is untenable, since such section must be construed with other parts of the act, in such a manner as to carry out the purpose of the legislature and to permit its validity to be sustained, it being apparent that construction contended for would vest arbitrary power in individuals and deprive cities, villages and townships of the right to reasonable control of their streets and alleys reserved to them by the Constitution (Const. 1908, art. 8, § 28; 3 Comp. Laws 1929, § 13260, as amended by Act No. 33, Pub. Acts 1937).

10. COSTS—VACATION OF PLAT—CONSTRUCTION OF STATUTES.

No costs are allowed on appeal in proceeding to alter, vacate, correct and revise two plats, where effect of subsequently enacted statutes is involved (1 Comp. Laws 1915, § 3350, as amended by Act No. 360, Pub. Acts 1925; § 3351; 3 Comp. Laws 1929, § 13258, as amended by Act No. 3, Pub. Acts 1943, § 13263; Act No. 130, Pub. Acts 1931, as amended by Act No. 132, Pub. Acts 1935).

Appeal from Hillsdale; Rathbun (G. Arthur), J. Submitted October 7, 1948. (Docket No. 53, Calendar No. 44,041.) Decided January 3, 1949.

In the matter of the petition of C. B. A. Bryant and others to alter, vacate, correct and revise Hart's Plat of Oak Grove Beach and Hart's Plat of Oak Grove Beach No. 1. Petition denied after hearing. Plaintiffs appeal. Affirmed.

*Kenneth G. Prettie,* for plaintiffs.

*Sheldon M. Ellis,* for defendant Hillsdale County Road Commission.

Carr, J. Plaintiffs herein filed their petition in circuit court under the provisions of 3 Comp. Laws 1929, § 13256 *et seq.*\* to alter, vacate, correct and revise certain plats of property in Camden township, Hillsdale county. The first of said plats, which was executed in 1921 in accordance with the provisions of 1 Comp. Laws 1915, § 3350 *et seq.,* is described as Hart's Plat of Oak Grove Beach. The second plat, referred to as Hart's Plat of Oak Grove Beach No. 1, covered land adjacent to the first, and was recorded in May, 1926, under the same statutory provisions, as amended by Act No. 360, Pub. Acts 1925. Said provisions have been superseded by the plat act of 1929 (Act No. 172, Pub. Acts 1929),† under which the present proceeding has been instituted. The plats were properly acknowledged, had attached thereto the prescribed surveyor's cer-

---

\* As amended by Act No. 38, Pub. Acts 1935; Act No. 33, Pub. Acts 1937; Act No. 302, Pub. Acts 1939; Act No. 183, Pub. Acts 1941; Act No. 3, Pub. Acts 1943; Act No. 34, Pub. Acts 1945, 3 Comp. Laws 1948, § 560.59 *et seq.* (Comp. Laws Supp. 1945, § 13256 *et seq.* [Stat. Ann. and Stat. Ann. 1947 Cum. Supp. § 26.489 *et seq.*]).

† See 3 Comp. Laws 1929, § 13198 *et seq.,* 3 Comp. Laws 1948, § 560.1 *et seq.* (Stat. Ann. § 26.431 *et seq.*).—Reporter.

tificates, and each contained a dedication of the streets and alleys, shown thereon, to the use of the public, as required by the statute.

The owners of the property at the time the plats were executed and recorded were Alphonso Hart and Ella Hart. The plaintiffs in the instant proceeding have acquired their respective interests by purchases from time to time. It is their claim that the plats should be altered by vacating four streets, Maple, Oak, Willow and Cherry, shown thereon. The petition proposed that on the vacating of said streets an easement of a strip of land 20 feet in width would be granted by petitioners C. B. A. Bryant and Ina W. Bryant to owners of property in the plat, and also an easement for a walk five feet in width over and across the east five feet of Maple street as originally laid out. A so-called revised plat of Oak Grove Beach, obviously designed to take the place of the preceding plats, was attached to the petition and submitted with it. Such proposed plat shows the new rights of way referred to above, omits all of the streets shown on the original plats, and substitutes 13 lots for the 64 originally laid out. It also shows a new public highway, four rods in width, on the Bryant property, which, it is claimed, will give the public access to the lake.

The petition further alleged that the streets shown on the plats and dedicated to the public use by the owners of the property had not been occupied or used by the public, nor accepted or maintained by any public authority. The board of county road commissioners of Hillsdale county filed answer to the petition, denying plaintiffs' allegations as to use and acceptance of the streets, and claiming also that the "State law does not provide for the vacating of county roads and further that vacation of these roads would be a detriment to the public which has used these roads."

On the hearing in circuit court proofs were offered tending to show a somewhat limited public use of the streets sought to be vacated, the greater part of such proofs relating to Maple street. It does not appear that public money has been expended by highway authorities in the maintenance or improvement of any of the streets in question. It was shown, however, that in 1938 the board of county road commissioners of Hillsdale county took over Maple, Oak and Cherry streets, as part of the county road system, under the provisions of Act. No. 130, Pub. Acts 1931, as amended by Act No. 132, Pub. Acts 1935* (Comp. Laws Supp. 1940, § 4018–1 *et seq.*, Stat. Ann. § 9.141 *et seq.*), commonly referred to as the McNitt act. Said measure directed the board of county road commissioners in each county to incorporate in the county road system, prior to April 1, 1932, 20 per cent. of the total township highway mileage as determined by the State highway commissioner. In each year thereafter an additional 20 per cent. was required to be taken over. It was further provided that following the taking over of all township highways "all dedicated streets and alleys in recorded plats and outside of incorporated cities and villages shall be taken over and become county roads." The action of the board of county road commissioners in 1938, with reference to the streets in the plats here in question, was taken pursuant to the clause quoted.

In opposing the granting of the petition the board of county road commissioners relied on section 66 of the plat act of 1929 (3 Comp. Laws 1929, § 13263† [Stat. Ann. § 26.496]) which contains the following provision:

"The vacating of any plat or any part thereof shall not vacate any part of a State or county road."

* See 2 Comp. Laws 1948, § 247.1 *et seq.*—Reporter.
† 3 Comp. Laws 1948, § 560.66.—Reporter.

The trial judge found from the proofs before him that the procedure outlined by the McNitt act had been strictly followed with reference to the taking over of streets which petitioners seek to vacate, and that said streets had become an integral part of the county highway system. Based on the provision of section 66, above quoted, an order was entered dismissing plaintiffs' petition.

Claiming that the proofs do not sustain the order of the circuit court, plaintiffs seek review here, proceeding on the theory that they have a right of general appeal. Such method of review was apparently followed without question in *Re Petition of Hawkins to Vacate Alley,* 244 Mich. 681, under statutory provisions, relating to the vacating of plats, that were in force prior to the adoption of the present act in 1929. However, in the cases of *In re Petition of Hendricks to Vacate Street,* 248 Mich. 124, and *In re Oakes,* 249 Mich. 494, review was had on writs of certiorari. In the case of *In re Brewer,* 250 Mich. 450, it was held that:

"Certiorari is the proper remedy to review the decision of the lower court."

Attention was called to the fact that the statute under which the proceeding was instituted did not provide for review, either by writ of error or by appeal. The same situation obtains with reference to the plat act of 1929. Under authority of the *Brewer Case,* we think it must be said that appeal in the nature of certiorari on leave granted is the proper procedure in a case of this nature. Such was the method followed in *Re Petition of Home Owners' Loan Corporation,* 296 Mich. 675. However, in view of the fact that the case has been submitted by both parties without raising the question, we think we may properly exercise our discretion and dispose of the controversy on the merits. It

will, therefore, be treated as though plaintiffs had sought, and obtained, leave to appeal in the nature of certiorari.

The principal question in the case arises from the claim of the plaintiffs that the trial court was in error in holding. that the streets sought to be vacated, except Willow street, had become a part of the county highway system. Emphasis is placed on the proofs indicating that public money had not been expended in the improvement or maintenance of these streets, and that prior to the action of the board of county road commissioners in 1938 there was no official action by public highway authorities recognizing or declaring the streets to be township highways. It is insisted further, as a legal proposition, that an offer to dedicate must be accepted within a reasonable time. Attention is called to the decision in the case of *County of Wayne* v. *Miller,* 31 Mich. 447, where it was said:

"After what length of time such an offer must be regarded as withdrawn, circumstances may perhaps determine, but unless there were facts equivalent to a continuous renewal of the offer, it cannot be considered open after the lapse of a period of time sufficient to bar all actions for the recovery of lands under the statute of limitations."

In that case it appears that the public accepted a portion of the street offered, took possession of it, and used it. Private persons were permitted to exclude the public from the remainder. Such adverse possession on the part of the defendant and his predecessor in title had extended for more than the statutory period referred to in the language quoted. In *Swartwout* v. *Township of Caledonia,* 240 Mich. 398, no attempt was made for more than 16 years to accept a dedication of streets and parks in a plat. For the greater part of such period a portion of the

plat had been fenced in by its owner, such action apparently being taken without objection on the part of the township. Injunctive relief to restrain the officers of the township from interfering with the plaintiffs in the use and enjoyment of the property was accordingly granted. Counsel for plaintiffs has called attention to other decisions of like purport.

In the case at bar, however, a different situation is presented. There is nothing here to indicate any withdrawal of the dedication made by the owners in the original plats. It does not appear that the plaintiffs or their predecessors in title made any use of these streets inconsistent with the exercise of public rights therein. The second plat, executed in 1926, embraced land contiguous to that in the first. It is significant that the streets in the later plat connect with those in the first, and have in fact no other outlet. In this proceeding the plats are treated by plaintiffs as one. Bearing in mind that the dedicators in the two plats were the same, it is a fair conclusion that the dedication made in 1921 was renewed in 1926; and, as before suggested, there is nothing in this record to indicate that it was not continuous thereafter. There was, as the trial court found, some public user of these streets. No claim is made that there was any attempt by these plaintiffs or their predecessors in title to interfere therewith. There is also some testimony that plaintiff Bryant improved a section of one of the streets by macadamizing it.

Section 2 of the act under which the first plat was executed (1 Comp. Laws 1915, § 3351) provided that a map made and recorded in compliance with the statute should be deemed "a sufficient conveyance to vest the fee of such parcels of land as may be herein designated for public uses" in the city, village or township where situated, in trust for the use and purposes designated. Act No. 360, Pub. Acts 1925,

in effect when the second plat was recorded, by amendment incorporated such provision in section 1 of the governing statute (1 Comp. Laws 1915, § 3350). However, if the language of the statute is construed as contemplating the conveyance of a base fee (*Kirchen* v. *Remenga,* 291 Mich. 94), an acceptance was requisite. In *White* v. *Smith,* 37 Mich. 291, 295, it was said:

"There is no doubt but that an acceptance must be made within a reasonable time, but what shall be considered such time must be largely governed by the surrounding circumstances in each case. And so long as the original proprietor, or those claiming through him, take no steps to withdraw the offer, we think it must be considered as continuing."

Similarly in *Olsen* v. *Village of Grand Beach,* 282 Mich. 364, it was said:

"Inasmuch as plaintiffs were not the parties who dedicated this plat, it is not obvious what authority they would have to withdraw the dedication. Instead, unless the dedication was actually withdrawn or the plat abandoned or vacated, it appears that plaintiffs could acquire no rights in these platted streets except on the theory of having acquired such rights by adverse possession."

Plaintiffs in the instant case claim no rights by virtue of adverse possession, nor may they do so. 3 Comp. Laws 1929, § 13964* (Stat. Ann. § 27.593); *Hawkins* v. *Township of Wyoming,* 251 Mich. 506. See, also, as to the nature of the rights conveyed to the public by the owners of the property in the dedication of the plats, *Baker* v. *Johnston,* 21 Mich. 319; *Patrick* v. *Young Men's Christian Association of Kalamazoo,* 120 Mich. 185; *Kirchen* v. *Remenga, supra.*

The practical situation presented in the case at bar is that these streets were dedicated to the public

* 4 Comp. Laws 1948, § 609.1.—REPORTER.

for highway purposes, that there was no withdrawal of such dedication, and no action taken by the plaintiffs or their predecessors in title to preclude acceptance by public authorities at any time. As before noted, the dedication of streets in the first plat, executed in 1921, was impliedly renewed in the second plat five years later. Under the circumstances here presented we think it a fair inference that the dedication was continuous. In any event a "period of time sufficient to bar all actions for the recovery of lands under the statute of limitations" did not elapse after the 1926 dedication and before the taking over of the streets in question in 1938 as a part of the county road system. The board of county road commissioners not only had the right to take over the streets in these plats but was, as a matter of law, obligated to do so by the specific provisions of the McNitt act. Neither was the duty of the board limited to streets of a certain width. Such streets were not township roads nor was any attempt made to treat them as such. Rather, they were taken over under the specific provisions of the act relating to dedicated streets and alleys in recorded plats outside of cities and villages. The rule stated in *County of Wayne* v. *Miller, supra,* and in other cases of like import, is not applicable under the situation presented in the case at bar.

As before noted, section 66 of the plat act (3 Comp. Laws 1929, § 13263* [Stat. Ann. § 26.496]) precludes the court, in a proceeding to vacate under said act, from vacating any part of a State or county road. Plaintiffs contend that this should be interpreted as having reference to county roads existing at the time the plat act of 1929 was enacted. With this contention we are unable to agree. We think the legislature, in incorporating the restrictive

---

* 3 Comp. Laws 1948, § 560.66.—Reporter.

clause in section 66, had in mind that the county road systems as then existing might be enlarged or otherwise altered, and that reference was intended to any street or highway that was at that time, or might thereafter become, a part of a county road system. It would have been a simple matter to limit the scope of the term "county road" if such had been the legislative intent. That, however, was not done, nor has the section been amended at any subsequent session.

Attention is also directed to the fact that section 61 of the plat act* has been amended by Act No. 33, Pub. Acts 1937, Act No. 302, Pub. Acts 1939, and Act No. 3, Pub. Acts 1943,† and that in its present form it requires that notice of the hearing on a petition to vacate, alter, correct or revise a plat that contains a street, highway or alley, under the jurisdiction of a board of county road commissioners, shall be served on such board. It is suggested by plaintiffs that the fact that such notice is required must be regarded as indicating a legislative intent that the court, in acting on the petition, shall not be precluded from vacating a county road. We think it a more logical interpretation, however, that the legislature intended to insure that a board of county road commissioners having jurisdiction over a street or alley sought to be vacated, in the correcting, altering, revision or vacating of a plat, shall have notice in order that it may properly raise the question in the proceeding.

Plaintiffs further advance the argument that the granting of their petition was mandatory under the provisions of section 63 of the plat act, which, as amended by Act No. 33, Pub. Act 1937‡ (Comp. Laws

---

* 3 Comp. Laws 1929, § 13258 (Comp. Laws Supp. 1945, § 13258, Stat. Ann. and Stat. Ann. 1947 Cum. Supp. § 26.491).

† 3 Comp. Laws 1948, § 560.61.—REPORTER.

‡ 3 Comp. Laws 1948, § 560.63.—REPORTER.

Supp. 1940, § 13260, Stat. Ann. 1947 Cum. Supp. § 26.493), reads as follows:

"If the petition is signed by at least two-thirds of the proprietors of lands and premises in such plat or part thereof proposed to be vacated or altered, corrected or revised, and who also own collectively at least two-thirds by area of the lands and premises therein, the court shall, if all such proceedings are regular, order that the plat or part thereof be vacated or altered, corrected or revised as prayed in the petition. The clerk of the court shall, within thirty days after the entry of such order, forward to the auditor general a certified copy thereof."

If plaintiffs' contention is correct the conclusion necessarily follows that a court, in passing on an application to vacate, alter, revise or correct a plat, signed as indicated, would have no alternative other than to grant the relief sought without reference to other provisions of the statute, including the limitation with reference to the vacating of a State or county road. In fact, if the petition were found to comply with section 63 as to the number and interests of the signers, no hearing would be required, and the giving of notice to various parties, as the statute specifically requires, would be an idle gesture. A similar provision was incorporated in the former plat act, as amended by Act No. 6, Pub. Acts 1926 (Ex. Sess.). The same claim that plaintiffs are making here was raised thereunder on behalf of the plaintiff in *Re Petition of Hawkins to Vacate Alley, supra.* It was there held that if plaintiff was correct in his interpretation of the statute, then the provision relied on was unconstitutional as an attempt to vest arbitrary power in private individuals, and also as depriving cities, villages and townships, of the right to the reasonable control of their streets and alleys as reserved to them by article 8, § 28, of the State Constitution

(1908).   A like conclusion was reached in *Re Petition of Hendricks to Vacate Street, supra.*   Under well-established rules of statutory construction section 63 of the plat act must be construed in the light of the other provisions of the statute, and in such manner as to carry out the purpose of the legislature and to permit its validity to be sustained. *Gardner-White Co.* v. *State Board of Tax Administration,* 296 Mich. 225; *Board of Education of the City of Detroit* v. *Superintendent of Public Instruction,* 319 Mich. 436.   See, also, *City of Menominee* v. *County of Menominee,* 283 Mich. 146, where the interpretation of certain provisions of the McNitt act was considered.   Plaintiffs' claim that it was the duty of the trial court to grant them the relief sought is untenable.

Other questions argued by counsel in their briefs have been given consideration, but do not require specific discussion.   For the reasons above stated, we think that the trial court came to the correct conclusion in the matter, and the order from which the appeal has been taken is affirmed.   In view of the nature of the questions at issue, no costs are allowed.

SHARPE, C. J., and BUSHNELL, BOYLES, REID, NORTH, DETHMERS, and BUTZEL, JJ., concurred.